IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER ROGERS and MICHELLE
ROGERS,

        Plaintiffs,

v.

SAXON MORTGAGE SERVICES, INC.,
and STATE FARM INSURANCE,

        Defendants.

3:10 -CV-844-PK

OPINION AND
ORDER

---

SAXON MORTGAGE SERVICES, INC.,

        Cross Claimant,

v.

STATE FARM INSURANCE,

        Cross Defendant.

SAXON MORTGAGE SERVICES, INC.,

    Counter Claimant,

v.

PETER ROGERS and MICHELLE ROGERS,

    Counter Defendants.

---

STATE FARM INSURANCE,

    Cross Claimant,

v.

SAXON MORTGAGE SERVICES, INC.,

    Cross Defendant.

PAPAK, Magistrate Judge:

    Plaintiff Peter Rogers ("Peter") filed this action against defendants Saxon Mortgage Services ("Saxon"), Inc., and State Farm Insurance ("State Farm") on April 13, 2010, in the Multnomah County Circuit Court. Peter amended his complaint in state court on June 18, 2010. State Farm removed Peter's action to this court on July 19, 2010.

    Peter amended his complaint in this court on July 26, 2010. According to the allegations of Peter's amended complaint, Saxon held a mortgage on Peter's residence, which at all material times was insured by State Farm. In December 2008, the residence was damaged or destroyed by

Page 2 - OPINION AND ORDER

fire. Peter filed an insurance claim in connection with the damage to his residence, and State Farm subsequently tendered a check in the approximate amount of $250,000 on the claim. The check was payable to the order of Peter and his wife, Michelle Rogers ("Michelle"), the Rogers' counsel, and Saxon.

The Rogers ceased making payments toward the mortgage on their residence in or around February 2009. Saxon foreclosed on the Rogers' residence in October 2009, before the check tendered by State Farm was negotiated. State Farm subsequently canceled its check, retaining the proceeds thereof.

It is the Rogers' position that State Farm's tender was inadequate to pay for the repairs needed to restore their residence, that State Farm thereby breached its insurance contract with them, and that State Farm's obligation to cover the loss caused by the damage to their residence remains valid and outstanding. It is the Rogers' further position that Saxon's foreclosure action terminated in its entirety Saxon's interest in any insurance payment by State Farm arising out of the fire that damaged the residence. State Farm takes the contrary position that the foreclosure sale of the property terminated all insurable interest of either the Rogers or of Saxon in the residence, relieving State Farm of any obligation to provide insurance coverage in connection with the Rogers' loss. Saxon takes the contrary position that State Farm's coverage obligation remains in effect, and that Saxon is entitled to some proportion of the insurance proceeds.

The Rogers allege State Farm's liability for breach of contract in the amount of $581,908.48 plus interest, costs, and fees, and seek an injunction directing State Farm to tender payment in that amount to their counsel as well as this court's declaration that Saxon is not entitled to any portion of the insurance proceeds. State Farm likewise seeks this court's

Page 3 - OPINION AND ORDER

declaration that Saxon has no insurable interest in the damaged residence. Saxon seeks this court's contrary declaration that it has an enforceable insurable interest in the property, and alleges the Rogers' liability for conversion, breach of fiduciary duty, and trespass to chattel.

Now before the court are Saxon's motion (#31) to compel production of documents and answers to interrogatories from plaintiffs and for leave of court to re-open the deposition of Michelle Rogers, and State Farm's motion (#35) to compel production of documents from Saxon. Saxon and the plaintiffs request their fees incurred in connection with Saxon's motion, and Saxon and State farm each request their fees incurred in connection with State Farm's motion. I have considered the parties' motions, all of the pleadings on file, and oral argument on behalf of the parties. For the reasons set forth below, Saxon's motion is granted in part and denied in part, and State Farm's motion is granted as discussed below. All parties shall bear their own fees and costs.

## LEGAL STANDARDS

### I. Scope of Permissible Discovery, Generally

Federal Civil Procedure Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, the district courts should limit the scope of discovery under specified circumstances, as follows:

Page 4 - OPINION AND ORDER

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>>
>> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>>
>> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

## II.  Motion to Compel

As noted above, Federal Civil Procedure Rule 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case. *See, e.g., Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 351 n. 12 (1978).

If a party elects to oppose a propounding party's discovery requests, the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant. *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-4 (S.D. Ind. 2000). "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Walker v. Lakewood Condominium Owners Assoc.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999); *see also Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186 (C.D. Cal. 2006).

Federal Civil Procedure Rule 37(a)(3)(B) empowers a propounding party to "move for an

order compelling an answer, designation, production, or inspection" if:

> (i) a deponent fails to answer a question asked under Rules 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33, or
>
> (iv) a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34.

Fed. R. Civ. Pro. 37(a)(3)(B). Moreover, Rule 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. Pro. 26(b)(1).

## III. Fees

Federal Civil Procedure Rule 37(a)(5) provides that a party prevailing on a motion to compel discovery is entitled to award of attorney fees incurred in bringing the motion, absent special circumstances:

> If [a] motion [to compel] is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

> . . .If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed .R. Civ. P. 37(a)(5)(A), (B).

### IV.  Leave of Court to Depose an Already Deposed Witness

"A party must obtain leave of court [to take a deposition], and the court must grant leave to the extent consistent with Rule 26(b)(2). . . if the parties have not stipulated to the deposition and. . . the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii).

## ANALYSIS

As the parties are familiar with the facts underlying both their claims and their discovery disputes, those facts will be recited herein only to the extent necessary to explain my disposition of the motions now before the court.

### I.  Saxon's Motion

As noted above, by and through its motion Saxon seeks to compel production of documents and responses to interrogatories from the plaintiffs, as well as leave of court to re-open Michelle's deposition. Saxon requests its attorney fees incurred in connection with its motion, and plaintiffs request their fees incurred in opposing it.

#### A.  Saxon's Motion to Compel Production of Documents and Interrogatory Responses

With one exception, the requests for document production that are the subjects of Saxon's motion to compel production of documents seek the plaintiffs' financial records, including their

state and federal tax returns, bank records, and records of IRS actions taken against plaintiffs and their business. Similarly, one of the three interrogatories that are the subject of Saxon's motion to compel interrogatory responses seeks a narrative description of "the nature of the financial hardship" the plaintiffs experienced in early 2009. Saxon argues that documentary and other evidence of the economic hardship under which the plaintiffs were operating at the time they ceased making payments towards their mortgage is relevant to claims or defenses at issue in this action, to establish the plaintiffs' income and sources of income and to establish the plaintiffs' motivation for ceasing to make mortgage payments, and also because Peter testified in deposition to the existence of such hardship.

None of Saxon's proffered grounds is sufficient to support the conclusion that the requested discovery is relevant or reasonably calculated to lead to the production of admissible, relevant evidence. The Rogers' financial status is not material to any of the claims or defenses set forth in any of the parties' pleadings; the plaintiffs' motives for their actions are similarly not at issue in connection with the parties' claims or defenses; and the fact that Peter may have responded to deposition questions in part by reference to his household's financial status does not establish the materiality of that status to claims or defenses at issue in this action. Moreover, counsel for plaintiffs has gone on record in the course of oral argument of Saxon's motion as stating that plaintiffs will not rely upon their financial status or experience of financial hardship in defending Saxon's claims or prosecuting their own, and are thereby precluded from doing so at any stage of these proceedings. In consequence, I find that Saxon's finances-related requests for production (Requests for Production Nos. 10, 11, 15, and 22) and interrogatory (Interrogatory No. 25) do not seek discoverable information. Saxon's motion to compel is therefore denied as

Page 8 - OPINION AND ORDER

to those discovery requests.

In addition to the foregoing requests, Saxon seeks to compel plaintiffs' response to a request for production by and through which it seeks documentary evidence that plaintiffs instructed their counsel to inform State Farm that State Farm's tender was inadequate to fund the repairs necessary to the Rogers' residence. Plaintiffs have advised Saxon that no responsive documents exist. Saxon's motion is therefore denied as moot as to Saxon's Request for Production No. 19.

Finally, Saxon seeks to compel plaintiffs' responses to interrogatories by and through which Saxon requests that plaintiffs identify every person who had physical possession of the check tendered to plaintiffs by State Farm between the time it issued and the time it was canceled, as well as every physical location in which the check was held during that period. Such information is clearly irrelevant to the claims at defenses herein at issue. Moreover, analysis of the parties' evidentiary submissions establishes that these interrogatories are in excess of the 25-interrogatory limit provided in Federal Civil Procedure Rule 33. Saxon's motion is therefore denied as to its Interrogatories Nos. 30 and 31.

Notwithstanding the foregoing adverse disposition of Saxon's motion, I find that Saxon's arguments were colorable, and that it was substantially justified in bringing its motion to compel. Each party shall therefore bear its own costs incurred in connection with Saxon's motion to compel.

**B.     Saxon's Motion for Leave to Re-Open Michelle's Deposition**

State Farm noticed the deposition of Michelle Rogers and subsequently deposed her for a total of approximately 18 minutes on January 14, 2011, with counsel for Saxon present. Counsel

Page 9 - OPINION AND ORDER

for Saxon expressly declined to ask any questions following the close of State Farm's questioning. Counsel for State Farm indicated that State Farm might have additional questions for Michelle at some later date, and plaintiffs' counsel did not indicate on the record any unwillingness to permit the deposition to be re-opened for that purpose, but likewise did not expressly agree to hold the deposition open. Saxon now seeks leave of court to re-open Michelle's deposition.

Following Michelle's initial deposition, on February 10, 2011, Saxon for the first time alleged counterclaims against the plaintiffs, Michelle included. I find that, in consequence, good cause exists for Saxon to depose Michelle a second time. I therefore grant leave for Saxon to depose Michelle a second time, with the provisos that such second deposition of Michelle shall be completed on or before October 31, 2011, and that Michelle's deposition by Saxon shall not exceed three hours' duration.

## II. State Farm's Motion

As noted above, by and through its motion State Farm seeks to compel production of documents from Saxon. State Farm also requests award of its fees incurred in connection with bringing its motion, and Saxon requests its fees incurred in connection with opposing the motion.

On May 31, 2011, State Farm made a letter request to Saxon's counsel for production of certain documents referenced in the course of State Farm's deposition of one of Saxon's representatives. State Farm supplemented its letter request with an additional such request by email on June 27, 2011.

Saxon's counsel responded that he would be out of the office until July 4, 2011, but would respond thereafter. On July 6, 2011, State Farm inquired regarding the requested

documents, and was advised that Saxon's counsel would "check into" the matter and respond "as soon as possible." On July 22, 2011, counsel for Saxon advised State Farm that he was still working on Saxon's response. On September 9, 2011, State Farm once again inquired regarding Saxon's production, and counsel for Saxon responded that he expected to have documents by the following week.

On September 14, 2011, counsel for Saxon indicated for the first time his client's objections to certain of the requests for production. On September 16, 2011, Saxon responded to some of the requests, and subsequently provided documents responsive to others, but has not produced documents in response to certain of the requests to which it objected on September 14, 2011. It appears that the requests for production to which Saxon has not yet replied that are the subject of State Farm's motion are as follows:

1. Any contract, letter or other document between Saxon and Core Logic that describes the scope of the property inspections that were conducted by Core Logic.
2. Any contract, letter or other similar document between Saxon and the company that prepared the Broker's Price Opinion (SAX000307-318).
3. Any contract, letter or other agreement between Saxon and SWBC.
4. Any contract, letter or other similar document between Saxon and Assurance, the vendor who succeeded SWBC and who constituted the "loss draft department" of Saxon.

At oral argument, the parties stipulated that "Core Logic," "the company that prepared the Broker's Price Opinion," "SWBC," and "Assurance" are third party entities the parties refer to as Saxon's "vendors" upon which Saxon relies for certain business services, including in particular the periodic inspection of properties – such as the Rogers' residence – for which Saxon is the mortgagee. In consequence of that stipulation, I agree with State Farm that the subject requests for production are at least marginally calculated to lead to the discovery of relevant, admissible

Page 11 - OPINION AND ORDER

evidence. In addition, I agree with State Farm that Saxon's objections to production of the requested documents were untimely, and therefore waived. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *see also* Fed. R. Civ. P. 34(b)(2)(A).

Because the requested documents are relevant and not subject to privilege, State Farm is entitled to their production. State Farm's motion to compel is therefore granted, and Saxon shall produce documents responsive to the foregoing requests within eleven days of the date hereof. However, because I find that Saxon's opposition to State Farm's motion was nevertheless substantially justified, each party shall bear its own costs and fees.

## CONCLUSION

For the reasons set forth above, Saxon's motion (#31) to compel is denied and its request for leave to re-open the deposition of Michelle Rogers is granted as discussed above, and State Farm's motion (#35) to compel is granted. All parties shall bear their own fees and costs incurred in connection with the foregoing motions.

Dated this 17th day of October, 2011.

_____
Honorable Paul Papak
United States Magistrate Judge