IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PETER ROGERS** and **MICHELLE ROGERS**, <br><br> Plaintiffs / Counterclaim-Defendants, <br><br> v. <br><br> **SAXON MORTGAGE SERVICES, INC.**, <br><br> Defendant / Counterclaimant / Crossclaimant / Crossclaim-Defendant. <br><br> v. <br><br> **STATE FARM FIRE AND CASUALTY COMPANY**, <br><br> Defendant / Crossclaimant / Crossclaim-Defendant. | Case No.: 3:l0-cv-00844-PK <br><br><br> **OPINION AND ORDER** |

Frederick M. Millard and Douglas M. Bragg, Fred Millard, Attorney at Law P.C., 6650 Southwest Redwood Lane, Suite 330, Portland, Oregon 97224. Attorneys for Plaintiffs.

David J. Elkanich and Calon N. Russell, Hinshaw & Culbertson, LLP, 1000 SW Broadway, Suite 1250, Portland, OR 97205-3078. Attorneys for Defendant Saxon Mortgage Services, Inc.

Michael J. Walker, Parks, Bauer, Sime, Winkler & Fernety, 570 Liberty Street SE, Suite 200, Salem, Oregon 97301. Attorneys for Defendant State Farm Fire and Casualty Company.

**SIMON, District Judge**.

On March 20, 2011, Magistrate Judge Paul Papak issued findings and recommendations ("F&R"), Dkt. 87, in the above captioned case and referred them to this court. Dkt. 88. Judge Papak recommended that this court:

(1) GRANT IN PART AND DENY IN PART Defendant Saxon Mortgage Services, Inc.'s ("Saxon") Request for Judicial Notice, Dkt. 57;

(2) DENY Defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment, Dkt. 47;

(3) GRANT Saxon's Motion for Partial Summary Judgment, Dkt. 54;

(4) GRANT IN PART AND DENY IN PART Plaintiffs Peter Rogers and Michelle Rogers' (Corrected) Motion for Summary Judgment, Dkt. 58.

Plaintiffs filed objections to Judge Papak's F&R. Dkt. 89. State Farm filed a response. Dkt. 90. For the reasons set forth below, the court ADOPTS Judge Papak's F&R.

## STANDARDS

Under the Federal Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Federal Magistrates Act, 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of an F&R to which neither party has objected, the Magistrates Act does not prescribe any standard of review: "There is no indication that Congress, in enacting [the Magistrates Act], intended to require a district judge to review a magistrate's report[.]" *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121

Page 2 – OPINION AND ORDER

(9th Cir.) (*en banc*), *cert. denied*, 540 U.S. 900 (2003) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

## DISCUSSION

Plaintiffs raise only one objection to Judge Papak's F&R: They contend that the F&R erroneously found that they are not entitled to attorney fees pursuant to Or. Rev. Stat. § 742.061. Or. Rev. Stat. § 742.061(1) provides in part that "if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon." For the purposes of § 742.061(1), the Oregon Supreme Court has held that any "event or submission that would permit an insurer to estimate its obligations (taking into account the insurer's obligation to investigate and clarify uncertain claims) qualifies as a 'proof of loss[.]'" *Dockins v. State Farm Ins. Co.*, 329 Or. 20, 29, (1999).

Plaintiffs' home was damaged in a house fire and Plaintiffs' insurer, State Farm, deemed the fire a covered loss. Plaintiffs made claims for loss for the building, personal property, and living expenses. Plaintiffs' objection concerns only the living expenses claim. Pls.' Objections ("Pls.' Obj.") at 2 (Dkt. 89). Judge Papak found that attorney fees were unwarranted on the living

expenses claim because State Farm reached a settlement within six months from the date Plaintiffs filed the proof of loss. F&R at 32-34. Plaintiffs argue that State Farm did not reach a settlement until more than two years after State Farm had adequate information from which to estimate its obligations.[1] Pls.' Obj. at 2-3.

The court agrees with Judge Papak. State Farm needed additional information in order to estimate its obligations and Plaintiffs failed, despite State Farm's repeated requests, to provide that information. Judge Papak explained that

> State Farm made every attempt to obtain the information it needed from plaintiffs in order to process their additional living expenses claim. As early as January 14, 2009, State Farm informed plaintiffs that it needed the furniture rental and utility expenses information, and made mention of this information in each subsequent letter it sent to plaintiffs. . . . Despite these repeated, clear communications, plaintiff continued to delay providing the company the information it needed to make full payment on the claim. . . . Once plaintiffs finally provided this information State Farm promptly made full payment. To allow plaintiffs to recover attorney fees on account of their own failure to follow State Farm's specific, repeated instructions would thwart the purpose of proof of loss, which is, at its heart, to afford the insurer the opportunity to investigate and make an intelligent estimate of its obligations.

F&R at 31-32 (citations omitted). Plaintiffs admit that State Farm lacked some information, such as the cost of utilities and furniture rental, but argue that State Farm's knowledge of the cost of housing was sufficient to constitute proof of loss under the statute. Pls.' Obj. at 3. The court disagrees. The cost of housing represented just one of several categories of expenses that constituted Plaintiffs' living expenses. In order to estimate its obligations, State Farm required a reasonable estimation of each of Plaintiffs' principal living expenses, including the cost of utilities and furniture rental. State Farm did not receive proof of loss—as that phrase is used in the statute—until Plaintiffs responded to State Farm's inquiries and provided that additional

---

[1] Plaintiffs also argue that State Farm "engaged in behavior that violated the Unfair Claim Settlement Practices Act." Pls.' Obj. at 3-4; see Or. Rev. Stat. § 746.230. That Act, however, does not alter the requirements for determining whether attorney fees are warranted pursuant to Or. Rev. Stat. § 742.061.

Page 4 – OPINION AND ORDER

information. After State Farm received proof of loss, it settled the claim within six months. Plaintiffs' objection is, therefore, denied.

The court has reviewed the remainder of Judge Papak's F&R for clear error and finds none.

## CONCLUSION

The court **ADOPTS** Judge Papak's findings and recommendations, Dkt. 87.

IT IS SO ORDERED.

Dated this 15th day of June, 2012.

/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge